49D07-2212-PL-042706
Marion Superior Court 7
Filed: 12/12/2022 1:35 PM
Clerk
Marion County, Indiana

# *INDIANA COMMERCIAL COURT*

STATE OF INDIANA ) IN THE MARION SUPERIOR COURT
) SS:
COUNTY OF MARION ) CAUSE NO:

JOHN THOMSON, )
)
Plaintiff, )
)
v. )
)
ROCHE DIAGNOSTICS )
CORPORATION, )
)
Defendant. )

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff John Thomson ("Thomson"), by counsel and for his Complaint and Demand for Jury Trial against Defendant Roche Diagnostics Corporation ("Roche"), states as follows:

## I. THE PARTIES

1. Plaintiff John Thomson is a Georgia citizen and resident, and he resides in Roswell, GA.

2. Defendant Roche Diagnostics Corporation is an Indiana Domestic Limited Liability Company with its principal place of business in Marion County, Indianapolis, Indiana.

## II. FACTUAL BACKGROUND

3. Thomson is currently employed by Roche as a Corporate Accounts Director.

4. At all relevant times, Roche employed Thomson as a Roche Corporate Accounts employee in a field sales position.

5. Thomson has worked for Roche for more than 42 years.

EXHIBIT 1

6. Thomson's compensation includes a fixed salary and an Incentive Compensation Plan ("ICP") component.

7. The ICP is a written document which is reviewed and signed by employees annually.

8. Each ICP contains a Total Target Incentive Opportunity, which may be achieved by meeting plan objectives.

9. One component of the Total Target Incentive Opportunity is the Key Sales Objectives ("KSOs"), a semi-annual payout based on standalone performance.

10. The ICPs also for 2020 and 2021 also include a Balanced Plan Performance Accelerator, which can be achieved at 101% Revenue and 115% or above in KSO score for the year.

11. The KSO objectives are supposed to include "[s]pecific and measurable actions to be completed, specific steps, targets or metrics to be measured against or specific end products."

12. Each ICP requires that the KSO objective details "must be submitted and signed-off by next level line manager and HR Business Partner." Only "In exceptional and well-documented individual cases and with approval of the next level line manager, managers and employees can change objectives or define new objectives. The HR business partner must be informed about any change in objectives."

13. Jason Fowler ("Fowler"), Thomson's direct manager, failed to develop KSOs, to communicate them to Thomson, and to measure them for Thomson, in years 2018, 2019, 2020 and 2021.

14. Ron DiNizo ("DiNizo"), Vice President of Corporate Accounts, is Fowler's next level line manager.

15. DiNizo failed to require or approve written KSOs for Thomson.

16. Instead of paying Thomson in accordance with the KSOs which should have been developed as part of the ICP, each year except 2019, Roche arbitrarily calculated and paid Thomson's Total Target Incentive Opportunity at 100% of the KSO.

17. In 2019, Roche arbitrarily paid Thomson at less than 100% of the Total Target Incentive Opportunity, reasoning that Mr. Thomson did not meet his KSO target. However, no KSO was ever developed for Thomson in 2019.

18. Upon information and belief, others in Thomson's group received the maximum Total Annual Incentive Opportunity payout.

19. Thomson has not received the compensation that Roche owes him pursuant to the ICPs for years 2018, 2019, 2020 and 2021.

20. Thomson has requested that Roche provide him with the compensation it owes him. Roche has refused to do so.

## III. LEGAL CLAIMS

### COUNT I: BREACH OF CONTRACT – 2018 ICP

21. Thomson incorporates by reference all other paragraphs of this Complaint as if fully set forth here.

22. Roche and Thomson entered into a contract with Roche in the form of the ICP for year 2018. (**Exhibit A, 2018 ICP**).

23. Pursuant to the 2018 ICP, Thomson was eligible to be paid up to $62,400.00 upon meeting 150% of this KSO target.

24. Thomson fulfilled his duties under the 2018 ICP.

25. Roche breached the 2018 ICP by, including but not limited to, failing to develop KSOs for 2018.

26. Roche arbitrarily determined that Thomson met 100.4% of his KSOs, and paid Thomson a $41,766.00 Target KSO Payout for 2018.

27. Roche breached the 2018 ICP by, including but not limited to, failing to pay Thomson's full KSO payout earned under the 2018 ICP.

28. Thomson has suffered damages as a result of Roche's breach of the 2018 ICP in the amount of $20,634.00.

**COUNT II: BREACH OF CONTRACT – 2019 ICP**

29. Thomson incorporates by reference all other paragraphs of this Complaint as if fully set forth here.

30. Roche and Thomson entered into a contract with Roche in the form of the ICP for year 2019. (**Exhibit B, 2019 ICP**).

31. Thomson fulfilled his duties under the 2019 ICP.

32. Pursuant to the 2019 ICP, Thomson was eligible to be paid up to $62,400.00 upon meeting 150% of this KSO target.

33. Roche breached the 2019 ICP by, including but not limited to, failing to develop KSOs.

34. Roche arbitrarily determined that Thomson met 90.5% of his KSOs, and paid Thomson a $37,648.00 Target KSO Payout for 2019.

35. Roche breached the 2019 ICP by, including but not limited to, failing to pay Thomson's KSO payout earned under the 2019 ICP in the amount of $24,752.00.

**COUNT III: BREACH OF CONTRACT – 2020 ICP**

36. Thomson has suffered damages as a result of Roche's breach of the 2020 ICP.

37. Thomson incorporates by reference all other paragraphs of this Complaint as if fully set forth here.

38. Roche and Thomson entered into a contract with Roche in the form of the ICP for year 2019. (**Exhibit C, 2020 ICP**).

39. Thomson fulfilled his duties under the 2020 ICP.

40. Pursuant to the 2020 ICP, Thomson was eligible to be paid up to $18,750.00 upon meeting 125% of this KSO target.

41. Roche breached the 2020 ICP by, including but not limited to, failing to develop KSOs.

42. Roche arbitrarily determined that Thomson met 100% of his KSOs, and paid Thomson a $15,000.00 Target KSO Payout for 2020.

43. Roche breached the 2020 ICP by, including but not limited to, failing to pay Thomson's KSO payout earned under the 2020 ICP.

44. Pursuant to the 2020 ICP, Thomson was eligible to be paid up to a $30,000.00 Balanced Plan Performance Accelerator, by achieving 101% Revenue and 115% or above in KSO score for the year.

45. Because Roche arbitrarily determined that Thomson met 100% of his KSO score, it failed to pay him any Balanced Plan Performance Accelerator.

46. Thomson has suffered damages as a result of Roche's breach of the 2020 ICP in the amount of $33,750.00.

**COUNT IV: BREACH OF CONTRACT – 2021 ICP**

47. Thomson incorporates by reference all other paragraphs of this Complaint as if fully set forth here.

48. Roche and Thomson entered into a contract with Roche in the form of the ICP for year 2020. (**Exhibit D, 2021 ICP**).

49. Thomson fulfilled his duties under the 2021 ICP.

50. Pursuant to the 2020 ICP, Thomson was eligible to be paid up to $37,500.00 upon meeting 125% of this KSO target.

51. Roche breached the 2021 ICP by, including but not limited to, failing to develop KSOs.

52. Roche arbitrarily determined that Thomson met 100% of his KSOs, and paid Thomson a $30,000.00 Target KSO Payout for 2021.

53. Roche breached the contract by, including but not limited to, failing to pay Thomson's KSO payout earned under the 2021 ICP.

54. Pursuant to the 2021 ICP, Thomson was eligible to be paid up to a $35,000.00 Balanced Plan Performance Accelerator, by achieving 101% Revenue and 115% or above in KSO score for the year.

55. Because Roche arbitrarily determined that Thomson met 100% of his KSO score, it failed to pay him any Balanced Plan Performance Accelerator.

56. Thomson has suffered damages as a result of Roche's breach of the 2021 ICP in the amount of $42,500.00.

**COUNT V: INDIANA WAGE PAYMENT STATUTE**

57. Thomson incorporates by reference all other paragraphs of this Complaint as if fully set forth here.

58. Thomson's wages under the Indiana Wage Claims Statute, Ind. Code § 22-2-9-1(b) include his Total Target Incentive Opportunity.

59. Roche failed to pay Thomson's wages, including the full KSO and Balanced Plan Accelerator components of his Total Target Incentive Opportunity in years 2020 and 2021 when due.

60. Roche failed to pay Thomson's wages in the amount of $76,250.00 for years 2020 and 2021.

61. Roche's failure to pay Thomson's unpaid wages violated the Indiana Wage Payment Statute, Ind. Code § 22-2-5-2 *et seq*.

62. On November 30, 2022, Thomson received a letter of referral from the Indiana Department of Labor and Attorney General to permit him to bring an action in court.

WHEREFORE, Plaintiff John Thomson respectfully requests that judgment be entered in his favor, and against Defendant Roche Diagnostics Corporation, in an amount sufficient to compensate him for his pay, liquidated damage penalties, pre- and post-judgment interest, attorney's fees, and the costs of this action, and all other just and proper relief.

Dated: December 9, 2022

Respectfully submitted,

*/s/ Kathleen A. DeLaney*
Kathleen A. DeLaney (#18604-49)
Annavieve C. Conklin (#33875-32)
Mary T. Morris (#36908-53)
DeLaney & DeLaney LLC
3646 Washington Blvd.
Indianapolis, IN 46205
Tel: (317) 920-0400

*Attorneys for John Thomson*

**REQUEST FOR JURY TRIAL**

Plaintiff John Thomson, by counsel, demands trial by jury in this matter on all claims so triable.

Respectfully submitted,

*/s/ Kathleen A. DeLaney*

Kathleen A. DeLaney (#18604-49)
Annavieve C. Conklin (#33875-32)
Mary T. Morris (#36908-53)
DELANEY & DELANEY LLC
3646 Washington Blvd.
Indianapolis, IN 46205
Tel: (317) 920-0400

*Attorneys for John Thomson*

Filed: 12/22/2022 1:35 PM
Clerk
Marion County, Indiana

# INDIANA COMMERCIAL COURT

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE MARION SUPERIOR COURT |
| | ) SS: | |
| COUNTY OF MARION | ) | CAUSE NO: |

JOHN THOMSON, )
Plaintiff, )
v. )
ROCHE DIAGNOSTICS CORPORATION, )
Defendant. )

**NOTICE OF EXCLUSION OF CONFIDENTIAL**
**INFORMATION FROM PUBLIC ACCESS**

Contemporaneous with the filing of this notice, Plaintiff John Thomson ("Thomson"), by counsel, has filed confidential information under the Indiana Rules on Access to Court Records. Thomson provides this notice that the confidential information is to remain excluded from public access in accordance with the authority listed below:

| **Name or description of document** | **ACR grounds for exclusion** |
|---|---|
| Exhibit A (SEALED) – 2018 Incentive Compensation Plan<br>Exhibit B (SEALED) – 2019 Incentive Compensation Plan<br>Exhibit C (SEALED) – 2020 Incentive Compensation Plan<br>Exhibit D (SEALED) – 2021 Incentive Compensation Plan | The exhibits to Plaintiff's Complaint and Demand for Jury Trial contain confidential information that is subject to exclusion under Rule 5(b)(5) on the basis of confidentiality. |

Respectfully submitted,

*/s/ Kathleen A. DeLaney*

Kathleen A. DeLaney (#18604-49)
Annavieve C. Conklin (#33875-32)
Mary T. Morris (#36908-53)
DELANEY & DELANEY LLC
3646 Washington Blvd.
Indianapolis, IN 46205
Tel: (317) 920-0400

*Attorneys for John Thomson*

# INDIANA COMMERCIAL COURT

STATE OF INDIANA ) IN THE MARION SUPERIOR COURT
) SS:
COUNTY OF MARION ) CAUSE NO:

JOHN THOMSON,

Plaintiff,

v.

ROCHE DIAGNOSTICS CORPORATION,

Defendant.

TO DEFENDANT: Roche Diagnostics Corporation
c/o CT Corporation
334 North Senate Avenue
Indianapolis, IN 46204

You are hereby notified that you have been sued by the persons named as plaintiff and in the Court indicated above.

The nature of the suit against you is stated in the complaint which is attached to this Summons. It also states the relief sought or the demand made against you by the plaintiff.

An answer or other appropriate response in writing to the complaint must be filed either by you or your attorney within twenty (20) days, commencing the day after you receive this Summons, (or twenty-three (23) days if this Summons was received by mail), or a judgment by default may be rendered against you for the relief demanded by plaintiff. Such Answer must be made in court.

If you have a claim for relief against the plaintiff arising from the same transaction or occurrence, you must assert it in your written answer.

Dated: 12/12/2022

Myla A. Eldridge
Clerk, Marion Superior Court

**The following manner of service of summons is hereby designated.**

X Registered or certified mail

Kathleen A. DeLaney (#18604-49)
Annavieve C. Conklin (#33875-32)
Mary T. Morris (#36908-53)
DeLaney & DeLaney LLC
3646 N. Washington Blvd.
Indianapolis, IN 46205
Phone: (317) 920-0400
Attorneys for Plaintiff

Court Address:
Community Justice Campus
675 Justice Way
Indianapolis, IN 46203

MARION COUNTY COURTS SEAL INDIANA

## *SHERIFF'S RETURN ON SERVICE OF SUMMONS*

I hereby certify that I have served this summons on the _________ day of _______________, 2022:

(1) By delivering a copy of the Summons and a copy of the Complaint to defendant, _______.

(2) By leaving a copy of the Summons and a copy of the Complaint at ________________________ which is the dwelling place or usual place of abode of ________________________________________________ and by mailing a copy of said summons to said defendant at the above address.

(3) Other Service or Remarks: ________________________________________________

Sheriff

By: _________________
Deputy

## *CLERK'S CERTIFICATE OF MAILING*

I hereby certify that on the ________ day of ____________________, 2022, I mailed a copy of this Summons and a copy of the Complaint to the defendant, __________________________________________________, by mail, requesting a return receipt, at the address furnished by the plaintiff.

_______________________________
Clerk, Marion Superior Court

Dated: ____________________________, 2021.

By:______________
Deputy

## *RETURN ON SERVICE OF SUMMONS BY MAIL*

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the complaint mailed to defendant ____________________________________ was accepted by the defendant on the day of ______________, 2022. I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the complaint was returned not accepted on the _______ day of ______________________, 2022.

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the complaint mailed to defendant _____________________ was accepted by _____________________________ on behalf of said defendant on the _________ day of _______________, 2022.

_______________________________
Clerk, Marion Superior Court

By: ___________________________
Deputy

Cause No. Room No.

JOHN THOMSON,
Plaintiff,

v.

ROCHE DIAGNOSTICS CORPORATION,
Defendant.

**SUMMONS**

_______ COURT NO.

SHERIFF' S COSTS

Kathleen A. DeLaney
Annavieve C. Conklin
Mary T. Morris
DeLaney & DeLaney LLC
3646 Washington Blvd.
Indianapolis, IN 46205

This is not the official court record. Official records of court proceedings may only be obtained directly from the court maintaining a particular record.

## John Thomson v. Roche Diagnostics Corporation

| | |
|---|---|
| Case Number | 49D01-2212-PL-042706 |
| Court | Marion Superior Court 1<br>Commercial Court (Provisional) |
| Type | PL - Civil Plenary |
| Filed | 12/12/2022 |
| Status | 12/12/2022 , Pending (active) |

## Parties to the Case

Defendant Roche Diagnostics Corporation

Attorney
John David Meyer
*#1879029, Retained*

Lewis Brisbois Bisgaard & Smith, LLP
50 E. 91st
Suite 104
Indianapolis, IN 46240
317-324-4756(W)

Plaintiff Thomson, John

Attorney
Kathleen Ann Delaney
*#1860449, Retained*

3646 Washington Blvd.
Indianapolis, IN 46205
317-920-0400(W)

## Chronological Case Summary

12/12/2022 **Case Opened as a New Filing**

12/13/2022 **Complaint/Equivalent Pleading Filed**

Complaint and Demand for Jury Trial

Filed By: Thomson, John
File Stamp: 12/12/2022

12/13/2022 **Appearance Filed**

E-Filing Appearance by Attorney in Civil Case

For Party: Thomson, John
File Stamp: 12/12/2022

12/13/2022 **Subpoena/Summons Filed**

Summons to Roche Diagnostics Corporation

Filed By: Thomson, John
File Stamp: 12/12/2022

12/13/2022 **Notice of Exclusion of Confidential Information**

Notice of Exclusion of Confidential Information

Filed By: Thomson, John
File Stamp: 12/12/2022

12/13/2022 **Commercial Court Identifying Notice**

Notice Identifying Commercial Court

Filed By: Thomson, John
File Stamp: 12/13/2022

12/27/2022 **Certificate of Service - separately filed**

Return of Service and Certificate of Issuance of Summons to Roche

Filed By: Thomson, John
File Stamp: 12/27/2022

12/27/2022 **Appearance Filed**

Appearance of John D. Meyer

For Party: Roche Diagnostics Corporation
File Stamp: 12/27/2022

12/27/2022 **Notice to Court Filed**

Notice of Refusal to Consent to Commercial Court Docket

Filed By: Roche Diagnostics Corporation
File Stamp: 12/27/2022

12/28/2022 **Motion for Enlargement of Time Filed**

Motion for Automatic Enlargement of Time to File Responsive Pleading to Complaint

Filed By: Roche Diagnostics Corporation
File Stamp: 12/28/2022

12/28/2022 **Order Granting Motion for Enlargement of Time**

Judicial Officer: Welch, Heather A
Order Signed: 12/28/2022

12/29/2022 **Automated ENotice Issued to Parties**

Order Granting Motion for Enlargement of Time ---- 12/28/2022 : John David Meyer;Kathleen Ann Delaney

## Financial Information

* Financial Balances reflected are current representations of transactions processed by the Clerk's Office. Please note that any balance due does not reflect interest that has accrued – if applicable – since the last payment. For questions/concerns regarding balances shown, please contact the Clerk's Office.

**Thomson, John**

Plaintiff

Balance Due (as of 01/04/2023)

**0.00**

Charge Summary

| Description | Amount | Credit | Payment |
|---|---|---|---|
| Court Costs and Filing Fees | 157.00 | 0.00 | 157.00 |

Transaction Summary

| Date | Description | Amount |
|---|---|---|
| 12/12/2022 | Transaction Assessment | 157.00 |
| 12/12/2022 | Electronic Payment | (157.00) |

This is not the official court record. Official records of court proceedings may only be obtained directly from the court maintaining a particular record.