IN THE UNITED STATES DISTRICT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JOHN THOMSON | : | |
| | : | CASE NO. 1:23-cv-00099-SEB-MG |
| Plaintiff | : | |
| | : | STATE COURT CASE NO.: |
| v. | : | 49D01-2212-PL-042706 |
| | : | |
| ROCHE DIAGNOSTICS | : | JUDGE SARAH EVAN BARKER |
| CORPORATION | : | |
| | : | |
| Defendant. | : | |

**DEFENDANT'S ANSWER TO PLAINTIFF'S
COMPLAINT AND DEMAND FOR JURY TRIAL**

For its Answer to Plaintiff John Thomson's ("Plaintiff") Complaint and Demand for Jury Trial (the "Complaint"), Defendant Roche Diagnostics Corporation. ("Defendant") makes the following admissions, denials, statements, and defenses:

### I.     THE PARTIES

1.     Upon information and belief, Defendant admits that Plaintiff resides in Roswell, Georgia.

2.     Defendant admits that it is a business incorporated in the State of Indiana with its Principal Place of Business in Marion County, Indiana, but denies the remaining allegations contained in paragraph 2 of the Complaint.

### II.     FACTUAL BACKGROUND

3.     Plaintiff's employment history and records speak for themselves and, therefore, Defendant denies the allegations contained in paragraph 3 of the Complaint.

4. Plaintiff's employment history and records speak for themselves and, therefore, Defendant denies the allegations contained in paragraph 4 of the Complaint.

5. Plaintiff's employment history and records speak for themselves and, therefore, Defendant denies the allegations contained in paragraph 5 of the Complaint.

6. Plaintiff's compensation and wage structure, documents, and plans speak for themselves and, therefore, Defendant denies the allegations contained in paragraph 6 of the Complaint.

7. The document referenced in paragraph 7 of the Complaint speaks for itself and, therefore, Defendant denies the allegations contained in paragraph 7 of the Complaint.

8. The document referenced in paragraph 8 of the Complaint speaks for itself and, therefore, Defendant denies the allegations contained in paragraph 8 of the Complaint.

9. The document referenced in paragraph 9 of the Complaint speaks for itself and, therefore, Defendant denies the allegations contained in paragraph 9 of the Complaint.

10. The document referenced in paragraph 10 of the Complaint speaks for itself and, therefore, Defendant denies the allegations contained in paragraph 10 of the Complaint.

11. The document referenced in paragraph 11 of the Complaint speaks for itself and, therefore, Defendant denies the allegations contained in paragraph 11 of the Complaint.

12. The document referenced in paragraph 12 of the Complaint speaks for itself and, therefore, Defendant denies the allegations contained in paragraph 12 of the Complaint.

13. Defendant denies the allegations contained in paragraph 13 of the Complaint.

14. Defendant's management structure speaks for itself and, therefore, Defendant denies the allegations contained in paragraph 14 of the Complaint.

15. Defendant denies the allegations contained in paragraph 15 of the Complaint.

16. Defendant denies the allegations contained in paragraph 16 of the Complaint.

17. Defendant denies the allegations contained in paragraph 17 of the Complaint.

18. The compensation documents referenced in paragraph 18 of the Complaint speak for themselves and, therefore Defendant denies the allegations contained in paragraph 18 of the Complaint.

19. Defendant denies the allegations contained in paragraph 19 of the Complaint.

20. Defendant admits that Plaintiff has requested certain payments but Defendant denies the remaining allegations contained in paragraph 20 of the Complaint.

### III. LEGAL CLAIMS

### COUNT I: BREACH OF CONTRACT – 2018 ICP

21. Defendant incorporates its responses to paragraphs 1 through 20 of the Complaint as if fully rewritten herein.

22. The document referenced in paragraph 22 of the Complaint, including the parties thereto, speaks for itself and, therefore, Defendant denies the allegations contained in paragraph 22 of the Complaint.

23. The document referenced in paragraph 23 of the Complaint, including the parties thereto, speaks for itself and, therefore, Defendant denies the allegations contained in paragraph 23 of the Complaint

24. Defendant denies the allegations contained in paragraph 24 of the Complaint.

25. Defendant denies the allegations contained in paragraph 25 of the Complaint.

26. Defendant denies the allegations contained in paragraph 26 of the Complaint.

27. Defendant denies the allegations contained in paragraph 27 of the Complaint.

28. Defendant denies the allegations contained in paragraph 28 of the Complaint.

## COUNT II: BREACH OF CONTRACT – 2019 ICP

29. Defendant incorporates its responses to paragraphs 1 through 28 of the Complaint as if fully rewritten herein.

30. The document referenced in paragraph 30 of the Complaint, including the parties thereto, speaks for itself and, therefore, Defendant denies the allegations contained in paragraph 30 of the Complaint.

31. Defendant denies the allegations contained in paragraph 31 of the Complaint.

32. The document referenced in paragraph 32 of the Complaint, including the parties thereto, speaks for itself and, therefore, Defendant denies the allegations contained in paragraph 32 of the Complaint.

33. Defendant denies the allegations contained in paragraph 33 of the Complaint.

34. Defendant denies the allegations contained in paragraph 34 of the Complaint.

35. Defendant denies the allegations contained in paragraph 35 of the Complaint.

## COUNT III: BREACH OF CONTRACT – 2020 ICP

36. Defendant denies the allegations contained in paragraph 36 of the Complaint.

37. Defendant incorporates its responses to paragraphs 1 through 36 of the Complaint as if fully rewritten herein.

38. The document referenced in paragraph 38 of the Complaint, including the parties thereto, speaks for itself and, therefore, Defendant denies the allegations contained in paragraph 38 of the Complaint.

39. Defendant denies the allegations contained in paragraph 39 of the Complaint.

40. The document referenced in paragraph 40 of the Complaint, including the parties thereto, speaks for itself and, therefore, Defendant denies the allegations contained in paragraph 40 of the Complaint.

41. Defendant denies the allegations contained in paragraph 41 of the Complaint.

42. Defendant denies the allegations contained in paragraph 42 of the Complaint.

43. Defendant denies the allegations contained in paragraph 43 of the Complaint.

44. The document referenced in paragraph 44 of the Complaint, including the parties thereto, speaks for itself and, therefore, Defendant denies the allegations contained in paragraph 44 of the Complaint.

45. Defendant denies the allegations contained in paragraph 45 of the Complaint.

46. Defendant denies the allegations contained in paragraph 46 of the Complaint.

### COUNT IV: BREACH OF CONTRACT – 2021 ICP

47. Defendant incorporates its responses to paragraphs 1 through 46 of the Complaint as if fully rewritten herein.

48. The document referenced in paragraph 48 of the Complaint, including the parties thereto, speaks for itself and, therefore, Defendant denies the allegations contained in paragraph 48 of the Complaint.

49. Defendant denies the allegations contained in paragraph 49 of the Complaint.

50. The document referenced in paragraph 50 of the Complaint, including the parties thereto, speaks for itself and, therefore, Defendant denies the allegations contained in paragraph 50 of the Complaint.

51. Defendant denies the allegations contained in paragraph 51 of the Complaint.

52. Defendant denies the allegations contained in paragraph 52 of the Complaint.

53. Defendant denies the allegations contained in paragraph 53 of the Complaint.

54. The document referenced in paragraph 54 of the Complaint, including the parties thereto, speaks for itself and, therefore, Defendant denies the allegations contained in paragraph 54 of the Complaint.

55. Defendant denies the allegations contained in paragraph 55 of the Complaint.

56. Defendant denies the allegations contained in paragraph 56 of the Complaint.

## COUNT V: INDIANA WAGE PAYMENT STATUTE

57. Defendant incorporates its responses to paragraphs 1 through 56 of the Complaint as if fully rewritten herein.

58. Paragraph 58 of the Complaint contains a legal conclusion to which no response is required. To the extent that this Court deems a response necessary, Defendant denies the allegations contained in paragraph 58 of the Complaint.

59. Defendant denies the allegations contained in paragraph 59 of the Complaint.

60. Defendant denies the allegations contained in paragraph 60 of the Complaint.

61. Defendant denies the allegations contained in paragraph 61 of the Complaint.

62. The document referenced in paragraph 62 of the Complaint speaks for itself and, therefore, Defendant denies the allegations contained in paragraph 62 of the Complaint.

63. Defendant denies the allegations contained in the WHEREFORE paragraph immediately following Paragraph 62 of the Complaint.

64. Defendant denies each and every allegation of the Complaint not specifically admitted herein to be true.

## **AFFIRMATIVE DEFENSES**

Defendant asserts the following affirmative defenses in response to Plaintiff's Complaint. By pleading these affirmative defenses, Defendant does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiff.  In addition, nothing stated herein is intended or shall be construed as a concession that any particular issue or subject matter is relevant to Plaintiff's allegations.

1. Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

2. Defendant did not breach any legal duty to Plaintiff.

3. Plaintiff has failed to name the correct entity in these proceedings.

4. Plaintiff has not sustained any damages proximately or actually caused by Defendant.

5. Plaintiff has failed to mitigate or minimize his damages, the existence of which Defendant denies.

6. Plaintiff's claims are barred, in whole or in part, by operation of the applicable statutes of limitations and/or the doctrine of laches.

7. Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, res judicata, ratification, acquiescence, accord, satisfaction, and/or unclean hands.

8. Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to exhaust his administrative remedies.

9. Plaintiff's claims are barred, in whole or in part, because Defendant applied its business judgment, acted at all times in good faith, and had legitimate reasons for all actions towards Plaintiff.

10. Some or all of the damages that Plaintiff seeks are not recoverable by law.

11. Based on after-acquired evidence, Plaintiff's claims against Defendant and/or the relief sought by Plaintiff against Defendant are barred by the doctrine of after-acquired evidence.

12. Plaintiff's claims lack legal and factual support to be asserted and are brought in bad faith.

13. Plaintiff's claims fail because Defendant acted in good faith at all times.

14. Defendant complied with all laws and regulations applicable to Plaintiff's claims.

15. Plaintiff was treated the same as all other employees.

16. Expectancy damages are not available to Plaintiff because Defendant's actions were legitimate, according to Defendant's lawful policies, and consistent to any and all contracts between Plaintiff and Defendant.

17. Compensatory damages are not available to Plaintiff because Defendant's actions were legitimate, according to Defendant's lawful policies, and consistent to any and all contracts between Plaintiff and Defendant.

18. Punitive damages are not available to Plaintiff because Defendant's actions were legitimate, according to Defendant's lawful policies, and consistent to any and all contracts between Plaintiff and Defendant.

19. Plaintiff's Complaint is frivolous and lacks merit.

20. Because Plaintiff's Complaint is frivolous and lacks merit, Plaintiff is not entitled to an award of costs for this action or attorney's fees.

21. Plaintiff's claims are barred by his own bad faith.

22. Plaintiff's claims fail as a matter of law because he cannot satisfy his *prima facie* cases.

23. Plaintiff was paid pursuant to any and all applicable contracts between Plaintiff and Defendant.

24. Plaintiff's claims fail because he failed to comply with any and all applicable contracts between Plaintiff and Defendant.

25. Plaintiff failed to timely appeal any wage issues or discrepancies pursuant to the terms of the contracts governing his claims.

26. Plaintiff's claims fail because he failed to permit Defendant an opportunity to cure or remedy the alleged breaches.

27. Plaintiff was paid all wages and compensation owed pursuant to Indiana law.

28. Plaintiff's claims fail because they are not in the proper forum.

29. Plaintiff's claims fail because Plaintiff cannot prove the existence of a contract between Plaintiff and Defendant with respect to Plaintiff's claims.

30. Plaintiff's claims fail because Defendant has not breached any contractual duty owed to Plaintiff.

31. Plaintiff's claims fail because he was not eligible for any compensation, wages, or payments pursuant to the alleged contracts set forth in Plaintiff's Complaint or any other contract or agreement between Plaintiff and Defendant.

32. Defendant reserves the right to assert additional affirmative defenses at such time and to such extent as is warranted by discovery and developments in this case.

WHEREFORE, Defendant respectfully request that the claims against it raised in the Complaint be dismissed in their entirety with prejudice, that judgment be entered in its favor, and that it recovers its costs and expenses, including reasonable attorneys' fees, and such other and further relief to which this Court deems just and appropriate.

Respectfully submitted,

*/s/ John Meyer*
John D. Meyer (18790-29)
Lewis Brisbois Bisgaard & Smith, LLP
50 East 91st Street, Ste. 104
Phone: (317) 324-4756
Fax: (317) 542-5207
John.Meyer@lewisbrisbois.com

David A. Campbell (0066494)
Lewis Brisbois Bisgaard & Smith, LLP
1375 E. 9th Street
Suite 2250
Cleveland, OH 44114
Phone: (216) 298-1262
Fax: (216) 344-9421
david.a.campbell@lewisbrisbois.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this day of February 6, 2023, the foregoing was filed through the Court's CM/ECF electronic filing system and will be served upon all counsel of record.

*/s/ John D. Meyer*
John D. Meyer