UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHN THOMSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:23-cv-00099-SEB-MG |
| ) | |
| ROCHE DIAGNOSTICS CORPORATION, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Plaintiff filed a Motion to Maintain Document Under Seal, [Filing No. 18] in which he asks the Court to seal documents reflecting Plaintiff's compensation with Defendant (his former employer), [Filing No. 17], which are referenced in his Amended Complaint. Defendant does not oppose the request, and Plaintiff has filed a memorandum in support as required by S.D. Ind. L.R. 5-11(e). [Filing No. 19.]

The Seventh Circuit disfavors secrecy in judicial proceedings, as secrecy "makes it difficult for the public (including the bar) to understand why a case was brought (and fought) and what exactly was at stake in it and was the outcome proper." *GEA Group AG v. Flex-N-Gate Corp.*, 740 F.3d 411, 419 (7th Cir. 2014); *see also Jessup v. Luther*, 277 F.3d 926, 928 (7th Cir. 2002) ("[T]he public cannot monitor judicial performance adequately if the records of judicial proceedings are secret."). Consequently, federal court proceedings are "presumptively open to public scrutiny" and must "be conducted in public to the maximum extent consistent with respecting trade secrets, the identities of undercover agents, and other facts that should be held in confidence." *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006), *abrogated on other grounds by RTP LLC v. ORIX Real Estate Capital*, 827 F.3d 689, 691-92 (7th Cir. 2016).

A court may, though, permit the sealing of documents if there is good cause to do so—that is, if the movant's privacy interests trump the interests of the public in full transparency of the judiciary. *Citizens First Nat'l Bank v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999). A party requesting that a document be sealed must justify its claim of secrecy. *Baxter Int'l v. Abbott Labs.*, 297 F.3d 544, 546-47 (7th Cir. 2002).

The Seventh Circuit has held that documents that are likely to "influence or underpin" a judicial decision in the litigation should, as a default, enter the public record unless a verry narrow category applies: trade secrets, information covered by privilege, and information required by statutes to be kept confidential. *See id.* And, a motion asking to seal such information has "no prospect of success" unless it analyzes "in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Id.* at 548. General assertions that information is "commercial" or otherwise sensitive will not suffice. *Id.* at 546.

Here, Plaintiff asks that the parties' compensation terms remain under seal because Defendant deems this information to be confidential and proprietary and because Plaintiff has an "interest in the privacy of information about his compensation structure." [Filing No. 19 at 2.] Plaintiff says these concerns outweigh the public's interest to open court proceedings. [Filing No. 19 at 2.]

Plaintiff's desire to keep private his compensation structure is not a sufficient basis to overcome the presumption of public access, especially when many of the terms of his disputed compensation have already been made public and are at the center of this lawsuit. That this information may constitute a trade secret of Defendant is a sounder argument, but the brief in support of the motion provides little information and no citations in support of this contention.

To enable the Court to better evaluate the Motion, [18], Plaintiff (and Defendant, if it wishes to keep these documents sealed) is **ORDERED** to file a supplement brief **within 14 days of this Order** addressing whether, despite Plaintiff's compensation agreement being at the center of this litigation, the documents at Dkt. [17] should nonetheless remain under seal because they are trade secrets. If the parties elect not to file supplemental briefing, the document will be unsealed.

Date: 3/17/2023

                                        Mario Garcia
                                        United States Magistrate Judge
                                        Southern District of Indiana

**Distribution via ECF to all counsel of record.**