IN THE UNITED STATES DISTRICT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

JOHN THOMSON,                                      :
                                                   :
    Plaintiff                                      :
                                                   :
    v.                                             :      CASE NO. 1:23-cv-00099-SEB-MG
                                                   :
ROCHE DIAGNOSTICS CORPORATION,                     :
                                                   :
    Defendant.                                     :

**DEFENDANT'S SUPPLEMENTAL BRIEF TO MAINTAIN EXHIBITS
TO PLAINTIFF'S FIRST AMENDED COMPLAINT UNDER SEAL**

**I.    INTRODUCTION**

Plaintiff John Thomson ("Plaintiff") filed a state court complaint against Defendant Roche

Diagnostics Corporation ("Roche" or "Defendant") alleging that Defendant has not fully

compensated Plaintiff pursuant to Defendant's Incentive Compensation Plan (the "Plan"). (Doc.

#1-1 at ¶6). The Complaint addresses four versions of the Plan that address years 2018, 2019,

2020, and 2021. (Doc. #1-1, Exs. A-D). All four versions of the Plan were filed by Plaintiff under

seal in state court.

This Court's Stipulated Protective Order permits the Parties to seek to file documents under

seal pursuant to S.D. Ind. L.R. 5-11. (Doc. #21, pg. 8). Pursuant to the Court's Local Rules and

the Stipulated Protective Order, Plaintiff filed an Unopposed Motion to Maintain Documents

Under Seal that seeks an order permitting the filing of the four versions of the Plan at issue in this

lawsuit under seal. (Doc. #18).

This Court's Order of March 17, 2023, ordered that Plaintiff or Defendant were permitted

to file a supplemental brief to further support Plaintiff's Unopposed Motion to Maintain

Documents Under Seal. (Doc. #22, pg. 3). This Court specifically requested that any supplemental

1

brief should address whether the four versions of the Plan should "remain under seal because they are trade secrets." (Doc. #22, pg. 3).   This Supplemental Brief is being filed pursuant to the Court's March 17, 2023 Order.

## II.   RELEVANT FACTS

Since the filing of this Court's Order on the continued sealing of the Plans, Plaintiff filed a First Amended Complaint and Demand for Jury Trial (the "Amended Complaint"). (Doc. #27). The Amended Complaint addresses the Plan for the years 2018 through 2022. (Doc. #27 at ¶¶23-69 and Exs. A-E). Due to the filing of the Amended Complaint, this Supplemental Brief seeks this Court to continue to seal the Plan for the years 2018 through 2022. (Doc. #27 at Exs. A-E).

Roche develops diagnostic tests, instruments and digital solutions with the power to transform healthcare for people around the globe. In more than 100 countries, Roche offers the industry's most comprehensive in vitro diagnostics solutions, covering molecular diagnostics, clinical chemistry and immunoassays, tissue diagnostics, point of care testing, patient self-testing, next generation sequencing, laboratory automation and IT, and decision support solutions.

In order to attract and retain the top employees, Roche implemented RDC-107, Roche's Sales and Service Incentive Compensation Plan Policy (the "Incentive Compensation Plan").[1] Specifically, Section 2.0 of the Incentive Compensation Plan provides that "Roche has an established compensation philosophy designed to attract, retain and reward the sales and service teams to drive sales results consistent with overall business strategies, goals and principles." The Plans at issue in this lawsuit were implemented in Plaintiff's department pursuant to the Incentive Compensation Plan.

---

[1] This Incentive Compensation Plan has not yet been filed with this Court.  When the Incentive Compensation Plan is filed with this Court, Defendant will seek to file it under seal because it is a trade secret.

Plaintiff worked for Roche for over forty years.  (Doc. #27 at ¶6).  Plaintiff retired on January 16, 2023.  (Doc. #27 at ¶4).  Plaintiff alleges that he was not paid correctly under the Plan for the years 2018 through 2022.  (Doc. #27 at ¶¶23-69).  Relevant to this lawsuit, the Incentive Compensation Plan includes a dispute resolution procedure.  Specifically, the Incentive Compensation Plan required Plaintiff to submit any disputes regarding whether Plaintiff was compensated pursuant to the Incentive Compensation Plan to Plaintiff's direct manager "through the Payout Exception Process."  (Incentive Compensation Plan, Section 10.7).  Plaintiff did not submit a Payout Exception Process addressing any of his disputes with the compensation paid to him under the Plans.

The Plans, as Plaintiff recognized when he filed them under seal, contain highly valuable information regarding Roche.  The first valuable piece of information is the formula that Roche applies for incentive compensation.  This formula is used by Roche to attract and retain qualified employees.  In addition, the Plans contain information that permits third parties to determine profitability for Roche and Roche divisions.  Finally, the Plans contain information that would permit third parties to determine the performance of the division or department where Plaintiff worked for Roche.  Accordingly, the Plans are confidential, valuable to Roche, and they contain information that represent a formula, pattern, compilation, program, device, method, technique, or process.

## III.  **ARGUMENT**

As this Court held, a district court may permit the sealing of documents if there is good cause to do so.  (Doc. #22, pg. 2); S.D. Ind. L.R. 5-11; *Citizens First Nat'l Bank v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999).  Defendant joins Plaintiff in moving to justify the secrecy and need to seal the Plan documents referenced in the Amended Complaint. *Baxter Int'l v. Abbott*

3

*Labs.*, 297 F.3d 544, 546-47 (7th Cir. 2002); *Composite Marine Propellers, Inc. v. Van Der Woude*, 962 F.2d 1263, 1266 (7th Cir. 1992).

In this matter, the Plan documents referenced in the Amended Complaint are trade secrets that should be kept under seal. *Baxter*, 297 F.3d at 547 (7th Cir. 2002). The Plan documents satisfy all of the requirements under the Defend Trade Secrets Act, 18 U.S.C. § 1836, and the Indiana Uniform Trade Secrets Act, Ind. Code. § 24-2-3-1. A trade secret is defined under the Indiana Uniform Trade Secrets Act, Ind. Code as:

> "Trade secret" means information, including a formula, pattern, compilation, program, device, method, technique, or process, that:
> (1) Derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and
> (2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

Indiana Uniform Trade Secrets Act, Ind. Code. § 24-2-3-2; *see also* 18 USCS § 1839(3).

In this matter, it is evident that Roche takes reasonable efforts to keep the Plans confidential. The Incentive Compensation Plan is marked confidential and all Roche employees are advised that the Incentive Compensation Plan and the Plans established for each department pursuant to the Incentive Compensation Plan are confidential. In fact, without any involvement of Roche, Plaintiff understood the confidential nature of the Plans and voluntarily filed the Plans under seal when the Complaint was filed in state court. (Doc. #1-1, Exs. A-D). Accordingly, this Court should find that the Plans are the subject of efforts that are reasonable under the circumstances to maintain its secrecy. Indiana Uniform Trade Secrets Act, Ind. Code. § 24-2-3-2.

In addition, the Incentive Compensation Plan and the Plans created for each department pursuant to the Incentive Compensation Plan also fully satisfy the second prong of a trade secret:

The Plans derive "independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use." Indiana Uniform Trade Secrets Act, Ind. Code. § 24-2-3-2.

Courts have held that compensation plans are the type of information that can be considered a trade secret. *Mullin v. Scottsdale Healthcare Corp. Long Term Disability Plan*, 262 F. Supp. 3d 917, 920 (D. Arizona January 28, 2016) ("The Court agrees with Omaha that the 'Compensation Plan criteria' and training documents sought by Mullin are trade-secret propriety information and should be protected from public disclosure. A protective order is necessary to protect unwarranted public disclosure of propriety information ordered herein").

In this matter, Section 2.0 of the Incentive Compensation Plan provides that "Roche has an established compensation philosophy designed to attract, retain and reward the sales and service teams to drive sales results consistent with overall business strategies, goals and principles." This provision and the fact that the Incentive Compensation Plan helps Roche attract and retain employees provides that the Plans and the Incentive Compensation Plan provide Roche "independent economic value, actual or potential. . . " Indiana Uniform Trade Secrets Act, Ind. Code. § 24-2-3-2.

Finally, the Plans include information on employee compensation, the formulas for calculating commissions, the profitability of Roche, Roche's incentive plan structure, and other information that satisfies the trade secret requirement of information constituting a "formula, pattern, compilation, program, device, method, technique, or process. . ." Indiana Uniform Trade Secrets Act, Ind. Code. § 24-2-3-2.

Accordingly, based on the Parties' actions in this litigation, the Parties' joint motion to seal, and the facts set forth herein, the Plans are trade secrets.  Indiana Uniform Trade Secrets Act, Ind. Code. § 24-2-3-2; *see also* 18 USCS § 1839(3).  Accordingly, this Court should keep the Plans under seal based on the additional facts and law set forth in this Supplemental Brief. *Baxter*, 297 F.3d at 547  (7th Cir. 2002).

## IV.   <u>CONCLUSION</u>

Based on the above-cited arguments and authorities, Plaintiff's Unopposed Motion to Maintain Documents Under Seal should be granted.  (Doc. #18).  Exhibits A-E of Plaintiff's First Amended Complaint are trade secrets of the Defendant and that good cause exists to maintain said exhibits under seal throughout the course of this litigation.

Respectfully submitted,

*/s/ David A. Campbell*
David A. Campbell (0066494)
Lewis, Brisbois, Bisgaard & Smith, LLP
1375 E. 9th Street, Suite 2250
Cleveland, Ohio 44114
(216) 298-1261 / (216) 344-9421 (Fax)
David.A.Campbell@lewisbrisbois.com

*/s/ John D. Meyer*
John D. Meyer (18790-29)
Lewis, Brisbois, Bisgaard & Smith, LLP
50 E. 91st St., Suite 104
Indianapolis, IN  46240
(317) 324-4756/(317)-542-5207 (Fax)
John.meyer@lewisbrisbois.com

*Attorneys for Defendant Roche Diagnostic Corporation*

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 31st  day of March, 2023, the foregoing was filed through the Court's CM/ECF electronic filing system.  A copy of this filing will be sent to all parties through the court's ECF system.

/s/ John D. Meyer
John D. Meyer (18790-29)
Lewis, Brisbois, Bisgaard & Smith, LLP