IN THE UNITED STATES DISTRICT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JOHN THOMSON | : | |
| | : | CASE NO. 1:23-cv-00099-SEB-MG |
| Plaintiff | : | |
| | : | STATE COURT CASE NO.: |
| v. | : | 49D01-2212-PL-042706 |
| | : | |
| ROCHE DIAGNOSTICS | : | JUDGE SARAH EVAN BARKER |
| CORPORATION | : | |
| | : | |
| Defendant. | : | |

**DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED
COMPLAINT AND DEMAND FOR JURY TRIAL**

For its Answer to Plaintiff John Thomson's ("Plaintiff") First Amended Complaint and Demand for Jury Trial (the "Complaint"), Defendant Roche Diagnostics Corporation. ("Defendant") makes the following admissions, denials, statements, and defenses:

**I.     THE PARTIES**

1.     Upon information and belief, Defendant admits that Plaintiff resides Roswell, Georgia.

2.     Defendant admits that it is a business incorporated in the State of Indiana with its Principal Place of Business in Marion County, Indiana, but denies the remaining allegations contained in paragraph 2 of the Complaint.

3.     Defendant admits this Court has jurisdiction based on diversity of citizenship, 28 U.SC. § 1332.

**II.     FACTUAL BACKGROUND**

4.     Defendant admits only that Plaintiff is a former Corporate Accounts employee who voluntarily retired in January of 2023. Plaintiff's employment history and records speak for

themselves and, therefore, Defendant denies all other allegations contained in paragraph 4 of the Complaint.

5. Defendant admits only that Plaintiff was employed by Defendant prior to his retirement as a Corporate Accounts employee in a sales position. Plaintiff's employment history and records speak for themselves and, therefore, Defendant denies all other allegations contained in paragraph 5 of the Complaint.

6. Defendant admits only that Plaintiff was a long tenured employee at the time he voluntarily retired. Plaintiff's employment history and records speak for themselves and, therefore, Defendant denies all other allegations contained in paragraph 6 of the Complaint.

7. Defendant admits only that at all relevant times Plaintiff was a salaried employee and eligible to receive compensation under the Incentive Compensation Plan (hereinafter "ICP') and RDC-107, Sales and Service Incentive Compensation Plan Policy (hereinafter "ICP Policy"), which is attached hereto as Ex. 1 to this Answer. Plaintiff's compensation and wage structure, documents, and plans speak for themselves and, therefore, Defendant denies all other allegations contained in paragraph 7 of the Complaint.

8. Defendant admits only that the ICPs and the ICP Policy are written documents, which are provided to the employees. The document referenced in paragraph 8 of the Complaint speaks for itself and, therefore, Defendant denies all other allegations contained in paragraph 8 of the Complaint.

9. The document referenced in paragraph 9 of the Complaint speaks for itself and, therefore, Defendant denies the allegations contained in paragraph 9 of the Complaint.

10. The document referenced in paragraph 10 of the Complaint speaks for itself and, therefore, Defendant denies the allegations contained in paragraph 10 of the Complaint.

11. The document referenced in paragraph 11 of the Complaint speaks for itself and, therefore, Defendant denies the allegations contained in paragraph 11 of the Complaint.

12. The document referenced in paragraph 12 of the Complaint speaks for itself and, therefore, Defendant denies the allegations contained in paragraph 12 of the Complaint.

13. The document referenced in paragraph 13 of the Complaint speaks for itself and, therefore, Defendant denies the allegations contained in paragraph 13 of the Complaint.

14. Defendant denies the allegations contained in paragraph 14 of the Complaint.

15. Defendant's management structure speaks for itself and, therefore, Defendant denies the allegations contained in paragraph 15 of the Complaint.

16. Defendant denies the allegations contained in paragraph 16 of the Complaint.

17. Defendant denies the allegations contained in paragraph 17 of the Complaint.

18. Defendant denies the allegations contained in paragraph 18 of the Complaint.

19. Defendant denies the allegations contained in paragraph 19 of the Complaint.

20. The compensation documents referenced in paragraph 20 of the Complaint speak for themselves and, therefore Defendant denies the allegations contained in paragraph 20 of the Complaint.

21. Defendant denies the allegations contained in paragraph 21 of the Complaint.

22. Defendant admits that Plaintiff has requested certain payments, but Defendant denies the remaining allegations contained in paragraph 22 of the Complaint.

### III.   LEGAL CLAIMS

**COUNT I: BREACH OF CONTRACT – 2018 ICP**

23. Defendant incorporates its responses to paragraphs 1 through 22 of the Complaint as if fully rewritten herein.

24. The document referenced in paragraph 24 of the Complaint, including the parties thereto, speaks for itself and, therefore, Defendant denies the allegations contained in paragraph 24 of the Complaint.

25. The document referenced in paragraph 25 of the Complaint, including the parties thereto, speaks for itself and, therefore, Defendant denies the allegations contained in paragraph 25 of the Complaint.

26. Defendant denies the allegations contained in paragraph 26 of the Complaint.

27. Defendant denies the allegations contained in paragraph 27 of the Complaint.

28. Defendant denies the allegations contained in paragraph 28 of the Complaint.

29. Defendant denies the allegations contained in paragraph 29 of the Complaint.

30. Defendant denies the allegations contained in paragraph 30 of the Complaint.

## COUNT II: BREACH OF CONTRACT – 2019 ICP

31. Defendant incorporates its responses to paragraphs 1 through 30 of the Complaint as if fully rewritten herein.

32. The document referenced in paragraph 32 of the Complaint, including the parties thereto, speaks for itself and, therefore, Defendant denies the allegations contained in paragraph 32 of the Complaint.

33. Defendant denies the allegations contained in paragraph 33 of the Complaint.

34. The document referenced in paragraph 34 of the Complaint, including the parties thereto, speaks for itself and, therefore, Defendant denies the allegations contained in paragraph 34 of the Complaint.

35. Defendant denies the allegations contained in paragraph 35 of the Complaint.

36. Defendant denies the allegations contained in paragraph 36 of the Complaint.

37. Defendant denies the allegations contained in paragraph 37 of the Complaint.

38. Defendant denies the allegations contained in paragraph 38 of the Complaint.

**COUNT III: BREACH OF CONTRACT – 2020 ICP**

39. Defendant denies the allegations contained in paragraph 39 of the Complaint.

40. Defendant incorporates its responses to paragraphs 1 through 39 of the Complaint as if fully rewritten herein.

41. The document referenced in paragraph 41 of the Complaint, including the parties thereto, speaks for itself and, therefore, Defendant denies the allegations contained in paragraph 41 of the Complaint.

42. Defendant denies the allegations contained in paragraph 42 of the Complaint.

43. The document referenced in paragraph 43 of the Complaint, including the parties thereto, speaks for itself and, therefore, Defendant denies the allegations contained in paragraph 43 of the Complaint.

44. Defendant denies the allegations contained in paragraph 44 of the Complaint.

45. Defendant denies the allegations contained in paragraph 45 of the Complaint.

46. Defendant denies the allegations contained in paragraph 46 of the Complaint.

47. The document referenced in paragraph 47 of the Complaint, including the parties thereto, speaks for itself and, therefore, Defendant denies the allegations contained in paragraph 47 of the Complaint.

48. Defendant denies the allegations contained in paragraph 48 of the Complaint.

49. Defendant denies the allegations contained in paragraph 49 of the Complaint.

## COUNT IV: BREACH OF CONTRACT – 2021 ICP

50. Defendant incorporates its responses to paragraphs 1 through 49 of the Complaint as if fully rewritten herein.

51. The document referenced in paragraph 51 of the Complaint, including the parties thereto, speaks for itself and, therefore, Defendant denies the allegations contained in paragraph 51 of the Complaint.

52. Defendant denies the allegations contained in paragraph 52 of the Complaint.

53. The document referenced in paragraph 53 of the Complaint, including the parties thereto, speaks for itself and, therefore, Defendant denies the allegations contained in paragraph 53 of the Complaint.

54. Defendant denies the allegations contained in paragraph 54 of the Complaint.

55. Defendant denies the allegations contained in paragraph 55 of the Complaint.

56. Defendant denies the allegations contained in paragraph 56 of the Complaint.

57. The document referenced in paragraph 57 of the Complaint, including the parties thereto, speaks for itself and, therefore, Defendant denies the allegations contained in paragraph 57 of the Complaint.

58. Defendant denies the allegations contained in paragraph 58 of the Complaint.

59. Defendant denies the allegations contained in paragraph 59 of the Complaint.

## COUNT V: BREACH OF CONTRACT – 2022 ICP

60. Defendant incorporates its responses to paragraphs 1 through 59 of the Complaint as if fully rewritten herein.

61. The document referenced in paragraph 61 of the Complaint, including the parties thereto, speaks for itself and, therefore, Defendant denies the allegations contained in paragraph 61 of the Complaint.

62. Defendant denies the allegations contained in paragraph 62 of the Complaint.

63. The document referenced in paragraph 63 of the Complaint, including the parties thereto, speaks for itself and, therefore, Defendant denies the allegations contained in paragraph 63 of the Complaint.

64. Defendant denies the allegations contained in paragraph 64 of the Complaint.

65. Defendant denies the allegations contained in paragraph 65 of the Complaint.

66. Defendant denies the allegations contained in paragraph 66 of the Complaint.

67. The document referenced in paragraph 67 of the Complaint, including the parties thereto, speaks for itself and, therefore, Defendant denies the allegations contained in paragraph 67 of the Complaint.

68. Defendant denies the allegations contained in paragraph 68 of the Complaint.

69. Defendant denies the allegations contained in paragraph 69 of the Complaint.

**INDIANA WAGE PAYMENT STATUTE**

70. Defendant incorporates its responses to paragraphs 1 through 69 of the Complaint as if fully rewritten herein.

71. Defendant denies the allegations contained in paragraph 71 of the Complaint.

72. Defendant denies the allegations contained in paragraph 72 of the Complaint.

73. Defendant denies the allegations contained in paragraph 73 of the Complaint.

74. Defendant denies the allegations contained in paragraph 74 of the Complaint.

75. Defendant denies the allegations contained in paragraph 75 of the Complaint.

76. Defendant lacks knowledge or information necessary to be able to admit or deny whether Plaintiff received a letter or the nature of the letter from the Indiana department of labor, and therefore denies the same. The remaining allegations contained in paragraph 76 of the Complaint contain a legal conclusion to which no answer is required. However, to the extent an answer is required, Defendant denies all allegations contained in paragraph 76 of the Complaint.

77. Defendant lacks knowledge or information necessary to be able to admit or deny whether Plaintiff received a letter or the nature of the letter from the Indiana department of labor, and therefore denies the same. The remaining allegations contained in paragraph 77 of the Complaint contain a legal conclusion to which no answer is required. However, to the extent an answer is required, Defendant denies all allegations contained in paragraph 77 of the Complaint.

78. Defendant denies the allegations contained in the WHEREFORE paragraph immediately following Paragraph 77 of the Complaint.

79. Defendant denies each and every allegation of the Complaint not specifically admitted herein to be true.

## **AFFIRMATIVE DEFENSES**

Defendant asserts the following affirmative defenses in response to Plaintiff's Complaint. By pleading these affirmative defenses, Defendant does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiff. In addition, nothing stated herein is intended or shall be construed as a concession that any particular issue or subject matter is relevant to Plaintiff's allegations.

1. Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

2. Defendant did not breach any legal duty to Plaintiff.

3. Plaintiff has failed to name the correct entity in these proceedings.

4. Plaintiff has not sustained any damages proximately or actually caused by Defendant.

5. Plaintiff has failed to mitigate or minimize his damages, the existence of which Defendant denies.

6. Plaintiff's claims are barred, in whole or in part, by operation of the applicable statutes of limitations and/or the doctrine of laches.

7. Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, res judicata, ratification, acquiescence, accord, satisfaction, and/or unclean hands.

8. Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to exhaust his administrative remedies.

9. Plaintiff's claims are barred, in whole or in part, because Defendant applied its business judgment, acted at all times in good faith, and had legitimate reasons for all actions towards Plaintiff.

10. Some or all of the damages that Plaintiff seeks are not recoverable by law.

11. Based on after-acquired evidence, Plaintiff's claims against Defendant and/or the relief sought by Plaintiff against Defendant are barred by the doctrine of after-acquired evidence.

12. Plaintiff's claims lack legal and factual support to be asserted and are brought in bad faith.

13. Plaintiff's claims fail because Defendant acted in good faith at all times.

14. Defendant complied with all laws and regulations applicable to Plaintiff's claims.

15. Plaintiff was treated the same as all other employees.

16.     Expectancy damages are not available to Plaintiff because Defendant's actions were legitimate, according to Defendant's lawful policies, and consistent to any and all contracts between Plaintiff and Defendant.

17.     Compensatory damages are not available to Plaintiff because Defendant's actions were legitimate, according to Defendant's lawful policies, and consistent to any and all contracts between Plaintiff and Defendant.

18.     Punitive damages are not available to Plaintiff because Defendant's actions were legitimate, according to Defendant's lawful policies, and consistent to any and all contracts between Plaintiff and Defendant.

19.     Plaintiff's Complaint is frivolous and lacks merit.

20.     Because Plaintiff's Complaint is frivolous and lacks merit, Plaintiff is not entitled to an award of costs for this action or attorney's fees.

21.     Plaintiff's claims are barred by his own bad faith.

22.     Plaintiff's claims fail as a matter of law because he cannot satisfy his *prima facie* cases.

23.     Plaintiff was paid pursuant to any and all applicable contracts between Plaintiff and Defendant.

24.     Plaintiff's claims fail because he failed to comply with any and all applicable contracts between Plaintiff and Defendant.

25.     Plaintiff failed to timely appeal any wage issues or discrepancies pursuant to the terms of the contracts, agreements and/or policies governing his claims.

26.     Plaintiff's claims fail because he failed to permit Defendant an opportunity to cure or remedy the alleged breaches.

27. Plaintiff was paid all wages and compensation owed pursuant to Indiana law.

28. Plaintiff's claims fail because they are not in the proper forum.

29. Plaintiff's claims fail because Plaintiff cannot prove the existence of a contract between Plaintiff and Defendant with respect to Plaintiff's claims.

30. Plaintiff's claims fail because Defendant has not breached any contractual duty owed to Plaintiff.

31. Plaintiff's claims fail because he was not eligible for any compensation, wages, or payments pursuant to the alleged contracts set forth in Plaintiff's Complaint or any other contract or agreement between Plaintiff and Defendant.

32. Plaintiff's claims fail because he was the first to breach the alleged contracts set forth in Plaintiff's Complaint.

33. The compensation Plaintiff alleges he is due does not constitute "wages" as determined under the Indiana Wage Payment Statute or the Indiana Wage Claims Statute.

34. The alleged contracts Plaintiff alleges Defendant breached do not meet the requirements of the Statute of Frauds.

35. Defendant reserves the right to assert additional affirmative defenses at such time and to such extent as is warranted by discovery and developments in this case.

WHEREFORE, Defendant respectfully request that the claims against it raised in the Complaint be dismissed in their entirety with prejudice, that judgment be entered in its favor, and that it recovers its costs and expenses, including reasonable attorneys' fees, and such other and further relief to which this Court deems just and appropriate.

Respectfully submitted,

*/s/ John Meyer*
John D. Meyer (18790-29)
Lewis Brisbois Bisgaard & Smith, LLP
50 East 91st Street, Ste. 104
Phone: (317) 324-4756
Fax: (317) 542-5207
John.Meyer@lewisbrisbois.com

David A. Campbell (0066494)
Lewis Brisbois Bisgaard & Smith, LLP
1375 E. 9th Street
Suite 2250
Cleveland, OH 44114
Phone: (216) 298-1262
Fax: (216) 344-9421
david.a.campbell@lewisbrisbois.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of April, 2023, the foregoing was filed through the Court's CM/ECF electronic filing system and will be served upon all counsel of record.

*/s/ John D. Meyer*
John D. Meyer
*Attorney for Defendant*