**IN THE UNITED STATES DISTRICT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| JOHN THOMSON, | : |
| Plaintiff | : |
| v. | : CASE NO. 1:23-cv-00099-SEB-MG |
| ROCHE DIAGNOSTICS CORPORATION, | : |
| Defendant. | : |

**DEFENDANT'S BRIEF IN SUPPORT OF ITS UNOPPOSED
MOTION TO FILE EXHIBIT 1 TO DEFENDANT'S ANSWER TO
PLAINTIFF'S FIRST AMENDED COMPLAINT UNDER SEAL**

**I.   INTRODUCTION**

Plaintiff John Thomson ("Plaintiff") filed a state court complaint against Defendant Roche Diagnostics Corporation ("Roche" or "Defendant") alleging that Defendant has not fully compensated Plaintiff pursuant to Defendant's Incentive Compensation Plan (the "Plan"). (Doc. #1-1 at ¶6). Plaintiff filed an Amended Complaint, which added an additional breach of contract claim to complaint. (Doc. # 27). The Amended Complaint addresses five versions of the Plan that covers years 2018, 2019, 2020, 2021, and 2022. (Doc. #27, Doc. #17.1 – 17.5). This Court recently held that the Plan documents attached to the Amended Complaint are trade secrets and they can be filed under seal. (Doc. # 30).

This Court's local rules requires that a party seeking to file a document under seal file a motion and a brief in support, unless filing the document under seal is authorized by statute, rule, or prior court order. S.D. Ind. L.R. 5-11(d)(2). Defendant's Answer to Plaintiff's Amended Complaint is being filed contemporaneously with its Motion to File Exhibit 1 to Defendant's Answer Under Seal. Defendant is requesting that the Court grant its motion to file RDC-107,

1

Roche's Sales and Service Incentive Compensation Plan Policy (the "Incentive Compensation Plan") under seal because it is a trade secret, like the documents already filed under seal.

Plaintiff was provided a copy of the Incentive Compensation Plan. Plaintiff does not oppose this Motion or filing the Incentive Compensation Plan under seal.

## II.     RELEVANT FACTS

The Amended Complaint addresses the Plan for the years 2018 through 2022. (Doc. #27 at ¶¶23-69 and Exs. A-E). Defendant's Answer to Plaintiff's Amended Complaint attaches the Incentive Compensation Plan as an exhibit to its Answer. (Defendant's Amended Answer ¶ 7, Ex. 1). The terms of the Plan are incomplete without the Incentive Compensation Plan. Due to the filing of Defendant's Answer to the Amended Complaint, this Brief seeks this Court's order to maintain the Incentive Compensation Plan under seal.

Roche develops diagnostic tests, instruments and digital solutions with the power to transform healthcare for people around the globe. In more than 100 countries, Roche offers the industry's most comprehensive in vitro diagnostics solutions, covering molecular diagnostics, clinical chemistry and immunoassays, tissue diagnostics, point of care testing, patient self-testing, next generation sequencing, laboratory automation and IT, and decision support solutions.

In order to attract and retain the top employees, Roche implemented the "Incentive Compensation Plan." Specifically, Section 2.0 of the Incentive Compensation Plan provides that "Roche has an established compensation philosophy designed to attract, retain and reward the sales and service teams to drive sales results consistent with overall business strategies, goals and principles." The Plans at issue in this lawsuit were implemented in Plaintiff's department pursuant to the Incentive Compensation Plan.

Plaintiff worked for Roche for over forty years. (Doc. #27 at ¶6). Plaintiff retired on January 16, 2023. (Doc. #27 at ¶4). Plaintiff alleges that he was not paid correctly under the Plan for the years 2018 through 2022. (Doc. #27 at ¶¶23-69). Relevant to this lawsuit, the Incentive Compensation Plan includes specific procedures for an employee to dispute the payment he receives under the Incentive Compensation Plan and a dispute resolution procedure. An employee is required to submit a dispute in writing within forty-five (45) days of the calendar year end payout, and if he does not do so the calculations and the payouts are deemed final, subject to an exception procedure set forth in another section of the Incentive Compensation Plan. (Incentive Compensation Plan, Section 10.4). While employed with Roche, Plaintiff never timely raised an issue in writing as required by Section 10.4 of the Incentive Compensation Plan. Additionally, the Incentive Compensation Plan required Plaintiff to submit any disputes regarding whether Plaintiff was appropriately compensated pursuant to the Incentive Compensation Plan to Plaintiff's direct manager "through the Payout Exception Process." (Incentive Compensation Plan, Section 10.6). Plaintiff did not submit a Payout Exception Process addressing any of his disputes with the compensation paid to him under the Plans.

The Incentive Compensation Plan, like the Plans already held to be trade secrets, contains highly valuable information regarding Roche. The Incentive Compensation Plan contains valuable information throughout the document describing design principles of the Plans, who administers and develops aspects of the Plans, the eligibility requirements for the Plans, the dispute resolution procedures applicable to the Plans, and Roche's rationale and objectives concerning the Plans. The Plans are incomplete without the Incentive Compensation Plan, which contain essential terms and processes that make up the complete compensation agreement. If the information contained in the Incentive Compensation Plan was publicly available it would allow third parties to understand

internal operating procedures of Roche, its compensation design principles, objectives and key components of its compensation Plans contained in Incentive Compensation Plan. Accordingly, the Plans are confidential, valuable to Roche, and they contain information that represent a formula, pattern, compilation, *program*, device, method, technique, or process.

### III.  ARGUMENT

As this Court held, a district court may permit the sealing of documents if there is good cause to do so. (Doc. #22, pg. 2); S.D. Ind. L.R. 5-11; *Citizens First Nat'l Bank v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999). Defendant is moving without opposition from Plaintiff to justify the secrecy and need to seal the Incentive Compensation Plan referenced in its Answer to Plaintiff's Amended Complaint. *Baxter Int'l v. Abbott Labs.*, 297 F.3d 544, 546-47 (7th Cir. 2002); *Composite Marine Propellers, Inc. v. Van Der Woude*, 962 F.2d 1263, 1266 (7th Cir. 1992).

In this matter, the Incentive Compensation Plan referenced in Defendant's Answer is a trade secret that should be kept under seal. *Baxter*, 297 F.3d at 547 (7th Cir. 2002). The Incentive Compensation Plan satisfies all of the requirements under the Trade Secrets Act, 18 U.S.C. § 1836, and the Indiana Uniform Trade Secrets Act, Ind. Code. § 24-2-3-1. A trade secret is defined under the Indiana Uniform Trade Secrets Act, Ind. Code as:

> "Trade secret" means information, including a formula, pattern, compilation, program, device, method, technique, or process, that:
> (1) Derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and
> (2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

Indiana Uniform Trade Secrets Act, Ind. Code. § 24-2-3-2; *see also* 18 USCS § 1839(3).

In this matter, it is evident that Roche takes reasonable efforts to keep the Incentive Compensation Plan confidential. The Incentive Compensation Plan is marked confidential and

all Roche employees are advised that the Incentive Compensation Plan and the Plans established for each department pursuant to the Incentive Compensation Plan are confidential. In fact, without any involvement of Roche, Plaintiff understood the confidential nature of the Plans and voluntarily filed the Plans under seal when the Complaint was filed in state court. (Doc. #1-1, Exs. A-D). Accordingly, this Court should find that the Incentive Compensation Plan is the subject of efforts that are reasonable under the circumstances to maintain its secrecy. Indiana Uniform Trade Secrets Act, Ind. Code. § 24-2-3-2.

In addition, the Incentive Compensation Plan and the Plans created for each department pursuant to the Incentive Compensation Plan also fully satisfy the second prong of a trade secret: The Incentive Compensation Plan derive "independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use." Indiana Uniform Trade Secrets Act, Ind. Code. § 24-2-3-2.

Courts have held that compensation plans are the type of information that can be considered a trade secret. *Mullin v. Scottsdale Healthcare Corp. Long Term Disability Plan*, 262 F. Supp. 3d 917, 920 (D. Arizona January 28, 2016) ("The Court agrees with Omaha that the 'Compensation Plan criteria' and training documents sought by Mullin are trade-secret propriety information and should be protected from public disclosure. A protective order is necessary to protect unwarranted public disclosure of propriety information ordered herein").

In this matter, Section 2.0 of the Incentive Compensation Plan provides that "Roche has an established compensation philosophy designed to attract, retain and reward the sales and service teams to drive sales results consistent with overall business strategies, goals and principles." This provision and the fact that the Incentive Compensation Plan helps Roche attract

and retain employees provides that the Plans and the Incentive Compensation Plan provide Roche "independent economic value, actual or potential. . . " Indiana Uniform Trade Secrets Act, Ind. Code. § 24-2-3-2.

Finally, the Incentive Compensation Plan contains valuable information describing design principles of the Plans, who administers and develops aspects of the Plans, the eligibility requirements for the Plans, essential terms and processes applicable to the Plans, Roche's rationale and objectives of the Plans, and other information that satisfies the trade secret requirement of information constituting a "formula, pattern, compilation, program, device, method, technique, or process. . ." Indiana Uniform Trade Secrets Act, Ind. Code. § 24-2-3-2.

Accordingly, based on the Parties' actions in this litigation, the unopposed motion to seal, Defendant's arguments and the facts set forth herein, the Incentive Compensation Plan is a trade secret. Indiana Uniform Trade Secrets Act, Ind. Code. § 24-2-3-2; *see also* 18 USCS § 1839(3). Accordingly, this Court should keep the Incentive Compensation Plan under seal based on the facts and law set forth in this Brief. *Baxter*, 297 F.3d at 547 (7th Cir. 2002). Additionally, because the Incentive Compensation Plan contains valuable information throughout the document which if publicly disclosed would result in economic and competitive harm to Roche, redacting the document would not protect Roche from disclosure of its trade secret.

## IV.   CONCLUSION

Based on the above-cited arguments and authorities, Defendant's Unopposed Motion to Maintain Documents Under Seal should be granted. Exhibit 1 of Defendant's Answer to Plaintiff's First Amended Complaint is a trade secret of the Defendant and good cause exists to maintain said exhibit under seal throughout the course of this litigation.

Respectfully submitted,

*/s/ David A. Campbell*
David A. Campbell (0066494)
Lewis, Brisbois, Bisgaard & Smith, LLP
1375 E. 9th Street, Suite 2250
Cleveland, Ohio 44114
(216) 298-1261 / (216) 344-9421 (Fax)
David.A.Campbell@lewisbrisbois.com


*/s/ John D. Meyer*
John D. Meyer (18790-29)
Lewis, Brisbois, Bisgaard & Smith, LLP
50 E. 91st St., Suite 104
Indianapolis, IN  46240
(317) 324-4756/(317)-542-5207 (Fax)
John.meyer@lewisbrisbois.com

*Attorneys for Defendant Roche Diagnostic Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of April 2023, the foregoing was filed through the Court's CM/ECF electronic filing system.  A copy of this filing will be sent to all parties through the court's ECF system.

*/s/ John D. Meyer*
John D. Meyer (18790-29)
Lewis, Brisbois, Bisgaard & Smith, LLP