IN THE UNITED STATES DISTRICT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JOHN THOMSON, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | CASE NO. 1:23-cv-00099-SEB-MG |
| | : | |
| ROCHE DIAGNOSTICS CORPORATION, | : | |
| | : | |
| Defendant. | : | |

**<u>DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS</u>**

Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, Defendant Roche Diagnostics Corporation ("Defendant") respectfully moves for judgment on the pleadings on all claims filed by Plaintiff John Thomson ("Plaintiff"). Plaintiff alleges breach of contract claims (Count I-V) and an Indiana Wage Payment Claim, I.C. 22-2-5-2 et seq., (Count VI) in his Amended Complaint. (Doc. #27). Plaintiff's claims are based on allegations that he was underpaid under Defendant's Incentive Compensation Plan ("ICP") for years 2018-2022. All counts of Plaintiff's Amended Complaint fail as a matter of law.

The governing document of Roche's ICP, is RDC-107, Roche's Sales and Service Incentive Compensation Plan Policy ("ICP Policy"). The ICP Policy contains essential terms supplementing the ICP, including procedures for disputing payments made under the ICP. Plaintiff was required to submit disputes concerning the calculations made under the ICP within forty-five days of the calendar year end payout in writing. Plaintiff was also required to submit any disputes regarding whether Plaintiff was compensated correctly pursuant to the ICP to Plaintiff's direct manager "through the Payout Exception Process." (ICP Policy, Section 10.6). Plaintiff did not meet the forty-five day requirement in years 2018-222, and Plaintiff did not submit a Payout Exception Process addressing any of his disputes with the compensation paid to him under the

ICPs.  By not timely disputing the ICP compensation he received according to the terms of the ICP Policy during his employment, Plaintiff waived any right to bring a lawsuit alleging that he did not receive the correct amount of compensation under the ICP. See *Trimble v. Ameritech Publ'g*, 700 N.E.2d 1128, 1129-1130 (Ind. 1998); *Am. Gen. Fin. Mgmt. Corp., v. Watson*, 822 N.E.2d 253, 257-258 (Ind. Ct. App. 2005); *Novotny v. Renewal by Anderson Corp.*, 861 N.E.2d 15, 22 (Ind. Ct. App. 2007).

Therefore, even if all reasonable inferences are made in Plaintiff's favor, the pleadings establish that the ICP Policy bars Plaintiff from bringing his Amended Complaint, and that this action should be dismissed in its entirety as a matter of law.

In the alternative, if the Court does not find that Plaintiff's Complaint should be dismissed in its entirety, all of Plaintiff's causes of action that accrue before December 22, 2022 are barred by the applicable two-year statute of limitations contained in I.C. § 34-11-2-1. Thus, Count I and Count II of Plaintiff's Amended Complaint are barred by the applicable statute of limitations. Additionally, all payments made under the 2020 ICP prior to December 22, 2020 were made outside the limitations period and, therefore, under Count III and Count VI at least the first semi-annual payment of the KSO portion of the ICP would be barred by the limitations period.

A brief Memorandum in Support is filed herewith.  This Motion is supported by the Memorandum in Support, Plaintiff's Amended Complaint and exhibits, and Defendant's Answer to Plaintiff's Amended Complaint and exhibit.

Respectfully submitted,

*/s/ John D. Meyer*
John D. Meyer, Atty. No. 18790-29
Lewis Brisbois Bisgaard & Smith, LLP
50 E. 91st Street, Suite 104
Indianapolis, IN  46240
Phone: (317) 324-4756/Fax: (317) 542-5207
John.Meyer@lewisbrisbois.com


David A. Campbell (Ohio Bar #0066494)
Pro Hac Vice Approved
Lewis Brisbois Bisgaard & Smith, LLP
1375 East Ninth Street
Suite 2250
Cleveland, OH 44114
Phone: (216) 298-1262
Fax: (216) 344-9421
david.a.campbell@lewisbrisbois.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of April 2023, the foregoing was filed through the Court's CM/ECF electronic filing system.  A copy of this filing will be sent to all parties through the court's ECF system.

　　　　　　　　　　　　　　　　　　*/s/ John D. Meyer*
　　　　　　　　　　　　　　　　　　John D. Meyer