# IN THE UNITED STATES DISTRICT
# FOR THE SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JOHN THOMSON, | : | |
| | : | |
| Plaintiff | : | CASE No. 1:23-cv-00099-SEB-MG |
| | : | |
| v. | : | Judge Sarah Evans Barker |
| | : | |
| ROCHE DIAGNOSTICS CORPORATION, | : | Magistrate Judge Mario Garcia |
| | : | |
| Defendant. | : | |

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Defendant Roche Diagnostics Corporation ("Defendant" or "Roche") respectfully moves for summary judgment on all claims asserted by Plaintiff John Thomson ("Plaintiff") in the First Amended Complaint and Demand for Jury Trial (the "Complaint"). The Complaint alleges breach of contract claims (Count I-V) and an Indiana Wage Payment Claim, I.C. 22-2-5-2 et seq. (Count VI) that arise under Roche's Incentive Compensation Plan (the "ICP").

On February 15, 2024, this Court issued the Order Granting in Part and Denying in Part Defendant's Motion for Judgment on the Pleadings (the "Order"). (Doc. #72). Relevant to this Motion, the Order granted judgment in favor of Defendant on all claims accruing before December 12, 2020. (Doc. #72, pg. 9). As to the merits, the Order denied Defendant's motion, holding that the factual record was not "fully developed" at the pleading stage. (Doc. #72, pg. 7). As set forth in the attached Memorandum in Support, the three depositions taken in this matter have developed the factual record and this Motion addresses the merits of Plaintiff's claims under the 2020, 2021, and 2022 ICP.

1

The ICP provides for two forms of incentive compensation: (1) Group compensation that is objectively based on sales and profits; and (2) individual, non-quantitative performance compensation referred to as Key Sales Objectives ("KSO"). This lawsuit addresses the KSO payments.

The undisputed facts firmly support summary judgment in favor of Roche on all claims asserted by Plaintiff for three, independent reasons. Initially, the Parties agree that Indiana law applies to Plaintiff's claims. (Doc. #57, pgs. 6-7). Under Indiana law, an employer policy cannot support a unilateral contract claim asserted by an employee. *Orr v. Westminster Village North, Inc.*, 689 N.E.2d 712, 719-720 (Ind. 1997). In fact, the Seventh Circuit recently recognized and confirmed Indiana law in 2023. *Alley v. Penguin Random House*, 62 F.4th 358 (7th Cir. 2023) ("It is unclear whether an employee handbook could ever constitute a unilateral contract and bind an employer under Indiana law").

The second reason why summary judgment should be granted in favor of Roche is because Plaintiff admits that he failed to exhaust his administrative remedies under the ICP. Accordingly, under Indiana law, if the ICP is a unilateral contract enforceable by Plaintiff, he has an obligation to first exhaust his administrative remedies under the contract prior to filing this lawsuit, and he has not done so. *Orr*, 689 N.E.2d at 721-722.

Finally, the facts firmly support that the bonus payments Plaintiff received under the Key Sales Objective of ICP were appropriate and firmly supported by Plaintiff's work performance. In fact, Plaintiff does not argue that his actual work performance from 2018 through 2022 warranted higher payments under RDC-107. Rather, Plaintiff is asking this Court to award him the highest possible payments under the KSO based solely on his position that the KSO process did not comply

2

with RDC-107. In simple terms, Plaintiff wants to enforce the portions of the ICP that benefit him and is asking this Court to ignore the facts and portions of the ICP that confirm he was paid KSO payments that outpaced his work performance.

Summary judgment is appropriate on all remaining claims because "there is no genuine dispute as to any material fact and [Defendant] is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). This Motion is supported by the attached Memorandum in Support and the deposition transcripts of Plaintiff, Jason Fowler, and Ron DiNizo.

      Respectfully submitted,

/s/ David A. Campbell
David A. Campbell (0066494)
Gordon Rees Scully Mansukhani, LLP
600 Superior Ave., East
Suite 1300
Cleveland, OH 44114
Phone: (216) 302-2531
Fax: (216) 539-0026
Email: dcampbell@grsm.com

/s/ Hunter T. Edwards
Hunter T. Edmonds (#37701-29)
Gordon Rees Scully Mansukhani, LLP
600 E. 96th Street, Suite 501
Indianapolis, IN 46240
T: (317) 713-0905
    hedmonds@grsm.com

*Attorneys for Defendant Roche Diagnostic Corporation*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of February, 2024, the foregoing was filed through the Court's CM/ECF electronic filing system. A copy of this filing will be sent to all parties through the court's ECF system.

*/s/ Hunter T. Edmonds*
Hunter T. Edmonds
