UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JOHN THOMSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:23-cv-00099-SEB-MG |
| | ) | |
| ROCHE DIAGNOSTICS CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Pending before the Court is Defendant's Unopposed Motion to Maintain Document Under Seal, [77]. Defendant's Motion is **DENIED**.

There are several issues with Defendant's motion, Appendix of Exhibits in Support of Motion for Summary Judgment, and Sealed Exhibits. [Filing No. 77; Filing No. 80; Filing No. 81]. Most importantly, Defendant references one set of sealed exhibits in its Appendix and asks for another set to be sealed but does not include the correct exhibits with its sealed filing.[1] That will not do. This alone supports denying Defendant's motion.

As such, Defendant has two options. First, Defendant must re-file its Motion to Seal. Next, if it is referencing an exhibit that has already been sealed, it may use a slip sheet labeled as the exhibit title and references the docket entry that previously sealed the exhibit. Or, Defendant may re-file each exhibit referenced and the Court will seal them in this new capacity. What cannot be

---

[1] In Defendant's Appendix, Defendant references Exhibits 1, 3, 5, 7 and 9 to Plaintiff's Deposition (identified as sealed filings). [Filing No. 80 at 1.] In Defendant's Motion to Maintain Documents Under Seal, it seeks to seal Exhibits 1-9 to Plaintiff's Deposition, of which Exhibits 2, 4, 6, and 8 have already been sealed by a prior Order. [See Filing No. 77 at 1-2; Filing No. 78 at 3.] In Defendant's Sealed Exhibits filing, Defendant submits only Exhibits 6-9 of Plaintiff's Deposition, and omits Exhibits 1-5. [See Filing No. 81-2.]

done is to reference exhibits in the proposed order that are not included in the attached filing to the Motion to Seal (or the Appendix of Exhibits in Support of Motion for Summary Judgment).

On a similar note, the Exhibits to Ron DeNinzo's deposition submitted by Defendant are labeled as Exhibits to Jason Fowler's deposition and two exhibits are misidentified in Defendant's Motion to Seal as compared to the Sealed Exhibits.[2] A similar situation occurred; two exhibits to Jason Fowler's Deposition are misidentified in Defendant's Motion to Seal as compared to the Sealed Exhibits.[3] This further confuses the filing and the Court. While many of the documents referenced may be identical, Defendant must clearly identify each individual document that was used as exhibits for the separate depositions to maintain the accuracy of citations and filings. Also, Defendant is encouraged to review its appendix and verify it is not omitting documents it intends to seal; and conversely, not including exhibits in its appendix that are not cited to within its brief in support.

The Court has corresponded with the parties, but confusion remains, and regardless, the proposed order will not be granted in its current form. Defendant's Motion to Seal, [77], is **DENIED**. The Clerk is directed to **STRIKE** Filing No. 81 from the docket. Defendant is **ORDERED** to re-file its Motion to Seal and Sealed Exhibits, paying close attention to ensure that its naming conventions are consistent and accurate, and that each document it seeks to seal is filed

---

[2] Defendant states that it is requesting the sealing of: "(1) Exhibit 1: 2018 RDC-107; (2) Exhibit 5: 2018 ICP," however Defendant filed Exhibit 1 as 2018 ICP and Exhibit 5 as 2018 RDC-107. [*See* Filing No. 77 at 2; Filing No. 81-1 at 1-35.]

[3] Defendant states that it is requesting the sealing of: "(1) Exhibit 1: 2018 RDC-107; (2) Exhibit 5: 2018 ICP," however Defendant filed Exhibit 1 as 2018 ICP and Exhibit 5 as 2018 RDC-107. [*See* Filing No. 77 at 2; Filing No. 81-3 at 1-35.]

as an attachment (or otherwise) to its new motion to seal. Defendant should file its new motion and sealed exhibits within **14 days** of this Order.

Date: 3/15/2024

Mario Garcia
United States Magistrate Judge
Southern District of Indiana

**Distribution via ECF to all counsel of record.**