#### IN THE UNITED STATES DISTRICT
#### FOR THE SOUTHERN DISTRICT OF INDIANA
#### INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JOHN THOMSON, | : | |
| | : | |
| Plaintiff | : | CASE No. 1:23-cv-00099-SEB-MG |
| | : | |
| v. | : | Judge Sarah Evans Barker |
| | : | |
| ROCHE DIAGNOSTICS CORPORATION, | : | Magistrate Judge Mario Garcia |
| | : | |
| Defendant. | : | |

### DEFENDANT'S UNOPPOSED MOTION TO SEAL CERTAIN EXHIBITS ATTACHED TO THREE DEPOSITION TRANSCRIPTS FILED IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Comes now Defendant, Roach Diagnostics Corporation ("Roche" or "Defendant"), by and through its counsel, pursuant to Southern District of Indiana Local Rule 5-11(d), (e), and respectfully files this motion to maintain certain exhibits presented to Plaintiff John Thomson ("Plaintiff"), Jason Fowler, and Ron DiNizo in their depositions in this lawsuit. Defendant is moving for summary judgment and the three transcripts are being filed with this Court. This Court has previously sealed exhibits attached to Plaintiff's Complaint and Defendant's Answer. (Doc. #37, 48 and 50).

This Court previously sealed the following documents: (1) 2018 Incentive Compensation Plan ("ICP")[1]; (2) 2019 ECP[2]; (3) 2020 ICP[3]; and (4) 2021 ICP[4]; (5) 2022 ICP[5]; and (6) January 2022 RDC-107[6]. (*See* ECF Nos. 30, 37, 48, and 50).  Per this Court's Order, Defendant will not attach the previously sealed exhibits to this Motion but, rather, will include slip sheets referencing the document name and ECF number related to the sealing. This Motion seeks to keep these documents under seal and to also seal the other versions of RDC-107 presented to the witnesses for the same reasons that this Court sealed the January 2022 RDC-107. (Doc. #48).  These deposition exhibits are Defendant's trade secret, and as such, Defendant's interest in privacy supersedes the interests of the public to have them disclosed.  Specifically, this Motion seeks to seal additional exhibits presented to the three deponents that are consistent with the documents previously sealed by this Court.  The deposition exhibits from the three depositions that should be sealed are[7]:

- Deposition exhibits from Plaintiff's deposition:  (1) Exhibit 1:  2018 RDC-107; (2) Exhibit 3:  2019 RDC-107; (3) Exhibit 5:  2020 RDC-107; (4) Exhibit 7:  2021 RDC-107; and (5) Exhibit 9: 2022 RDC-107;

---

[1] This document was used during the depositions of Plaintiff, Jason Fowler, and Ron DeNizo.  It was marked as Exhibit 2 to Plaintiff's deposition, Exhibit 5 to Jason Fowler's deposition, and Exhibit 5 to Ron DeNizo's deposition.

[2] This document was used during the depositions of Plaintiff and Jason Fowler.  It was marked as Exhibit 4 to Plaintiff's deposition and Exhibit 6 to Jason Fowler's deposition.

[3] This document was used during the depositions of Plaintiff and Jason Fowler.  It was marked as Exhibit 6 to Plaintiff's deposition and Exhibit 9 to Jason Fowler's deposition.

[4] This document was used during the depositions of Plaintiff and Jason Fowler.  It was marked as Exhibit 8 to Plaintiff's Deposition and Exhibit 15 to Jason Fowler's deposition..

[5] This document was used during the deposition of Jason Fowler and marked as Exhibit 21.

[6] This document was used during the deposition of Jason Fowler and marked as Exhibit 23.

[7] The exhibits sought to be sealed in this motion have been filed under separate cover simultaneous herewith.

- Deposition exhibits from Jason Fowler's deposition: (1) Exhibit 5: 2018 RDC-107; (2) Exhibit 14: 2020 RDC-107; (3) Exhibit 19: 2021 RDC-107; and (4) Exhibit 24: May 2022 RDC-107; and

- Deposition exhibits from Ron DiNizo: (1) Exhibit 5: 2018 RDC-107; and (2) Exhibit 24: May 2022 RDC-107.

Counsel met and conferred on this issue before this Motion was filed. This Motion was reviewed with Plaintiff's counsel before filing and Plaintiff does not oppose the Motion. Plaintiff has previously moved to seal the ICP and Plaintiff has not opposed the sealing of RDC-107. A brief Memorandum in Support of this Motion is attached hereto.

WHEREFORE, Defendant respectfully requests an order from the Court finding that the documents previously sealed in this matter maintain sealed and that this Court issue an order sealing the following deposition exhibits: (1) Plaintiff's deposition exhibits 1, 3, 5, 7, and 9; (2) Jason Fowler's deposition exhibits 5, 14, 19, and 24; and (3) Ron DiNizo deposition exhibits 5 and 24. These exhibits are trade secrets of the Defendant and that good cause exists to maintain said exhibits under seal throughout the course of this litigation.

Respectfully submitted,

*/s/ David A. Campbell*
David A. Campbell (0066494)
Gordon Rees Scully Mansukhani, LLP
600 Superior Ave., East 9th Street
Suite 1300
Cleveland, OH 44114
Phone: (216) 302-2531
Fax: (216) 539-0026
dcampbell@grsm.com

                    Hunter T. Edmonds
                    Hunter T. Edmonds (#37701-29)
                    Gordon Rees Scully Mansukhani, LLP
                    600 E. 96th Street, Suite 501
                    Indianapolis, IN 46240
                    T: (317) 713-0905
                    hedmonds@grsm.com

                    *Attorneys for Defendant Roche Diagnostics Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of March, 2024, the foregoing was filed through the Court's CM/ECF electronic filing system. A copy of this filing will be sent to all parties through the court's ECF system.

*/s/ David A. Campbell*
David A. Campbell (0066494)