**IN THE UNITED STATES DISTRICT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| JOHN THOMSON, | : | |
| | : | |
| Plaintiff | : | CASE No. 1:23-cv-00099-SEB-MG |
| | : | |
| v. | : | Judge Sarah Evans Barker |
| | : | |
| ROCHE DIAGNOSTICS CORPORATION, | : | Magistrate Judge Mario Garcia |
| | : | |
| Defendant. | : | |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S
UNOPPOSED MOTION TO SEAL CERTAIN EXHIBITS ATTACHED TO
THREE DEPOSITION TRANSCRIPTS FILED IN SUPPORT OF
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**I.   INTRODUCTION**

Plaintiff John Thomson ("Plaintiff") retired from his employment with Defendant Roche Diagnostics Corporation ("Defendant" or "Roche") in January 2023. Plaintiff does not challenge his retirement in this lawsuit. Rather, as a sales employee over the last thirty-five years of his Roche employment, Plaintiff was eligible for a base salary and incentive compensation through a Roche policy, RDC-107, Roche's Incentive Compensation Plan (the "ICP"). (Deposition of Plaintiff at 13 (hereinafter "Dep. Plaintiff at __")).

The ICP provides for two forms of incentive compensation: (1) Group compensation that is objectively based on sales and profits; and (2) individual, non-quantitative performance compensation referred to as Key Sales Objectives ("KSO"). This lawsuit addresses the KSO payments.

Plaintiff alleges that he was not paid the correct KSO amounts in 2020, 2021, and 2022. Defendant is filing a Motion for Summary Judgment on all claims that is based on the deposition

testimony of Plaintiff, Jason Fowler, and Ron DiNizo.  This Motion seeks to permit Defendant to file certain deposition exhibits under seal.

## II.     ARGUMENT

Plaintiff admits that he received KSO payments twice a year and he reviewed the payments with his supervisor each time that he was paid a KSO payment.  (Dep. Plaintiff at 34-36).  Plaintiff further admits that he received and read RDC-107 each year at issue in this lawsuit.  (Dep. Plaintiff at 39).  The depositions of Plaintiff, Fowler and DeNizo review the KSO and RDC-107 for the years 2018 through 2022.  This Court has previously sealed the KSO for the years 2018 through 2022 and a 2022 version of RDC-107 based on their trade secret status.  (Doc. #37, 48 and 50).  This Motion seeks to file those deposition exhibits that have already been sealed again with this Court under seal.  In addition, this Motion seeks to file the RDC-107 versions from 2018 through 2022 under seal.

The Seventh Circuit, in *Baxter International, Inc. v. Abbott Laboratories*, 297 F.3d 544 (7th Cir. 2002), has long-held that trade secrets are one of the limited reasons why a court will seal a document relevant to litigation.  *Id.* at 546.   This Court has previously sealed the 2018, 2019, 2020, 2021, and 2022 ICP.  (Doc. #50).  This Court has also previously sealed the January 2022 RDC-107.  (Doc. #37 and 48).  The remaining RDC-107 versions from 2018 through 2022 are also trade secrets.

Under the Indiana Uniform Trade Secrets Act, a trade secret is: (1) information; (2) deriving independent economic value; (3) not generally known or readily ascertainable by proper means by another who can obtain economic value from its disclosure or use; and (4) the subject of efforts, reasonable, under the circumstances, to maintain its secrecy. *Amoco Production Co. v.*

*Laird*, 622 N.E.2d 912 (Ind.1993).  The Parties agree that the KSO and RDC-107 are trade secrets and should be sealed.  The Parties' agreement is based firmly on the law and facts.

RDC-107 was implemented by Roche in order to attract and retain the top sales talent.  The KSO and RDC-107 are further designed to drive employee sales performance.  The documents – as recognized by Plaintiff, a long-time Roche employee, are valuable to Roche and are kept confidential by Roche.  Accordingly, because RDC-107 and the KSO are trade secrets, this Court should seal the following deposition exhibits:

- Deposition exhibits from Plaintiff's deposition:  (1) Exhibit 1:  2018 RDC-107; (2) Exhibit 3:  2019 RDC-107; (3) Exhibit 5:  2020 RDC-107; (4) Exhibit 7:  2021 RDC-107; and (5) Exhibit 9: 2022 RDC-107;

- Deposition exhibits from Jason Fowler's deposition:  (1) Exhibit 5:  2018 RDC-107; (2) Exhibit 14:  2020 RDC-107; (3) Exhibit 19:  2021 RDC-107; and (4) Exhibit 24:  May 2022 RDC-107; and

- Deposition exhibits from Ron DiNizo:  (1) Exhibit 5:  2018 RDC-107; and (2) Exhibit 24:  May 2022 RDC-107.

### III. CONCLUSION

Based on the above-cited arguments and authorities, this Court should continue to follow its prior orders and permit the Parties to file the KSO and RDC-107 for the years 2018 through 2022 under steal.  These documents are trade secrets and properly sealed under *Baxter International, Inc. v. Abbott Laboratories*, 297 F.3d 544 (7th Cir. 2002).  Accordingly, Defendant respectfully requests that the following exhibits be filed under seal: (1) Plaintiff's deposition exhibits 1, 3, 5, 7, and 9; (2) Jason Fowler's deposition exhibits 5, 14, 19, and 24; and (3) Ron DiNizo deposition exhibits 5 and 24.

      Respectfully submitted,

      */s/ David A. Campbell*
      David A. Campbell (0066494)
      Gordon Rees Scully Mansukhani, LLP
      600 Superior Ave., East 9th Street
      Suite 1300
      Cleveland, OH 44114
      Phone: (216) 302-2531
      Fax: (216) 539-0026
      dcampbell@grsm.com

      Hunter T. Edmonds
      Hunter T. Edmonds (#37701-29)
      Gordon Rees Scully Mansukhani, LLP
      600 E. 96th Street, Suite 501
      Indianapolis, IN 46240
      T: (317) 713-0905
      hedmonds@grsm.com

      *Attorneys for Defendant Roche Diagnostics Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of March, 2024, the foregoing was filed through the Court's CM/ECF electronic filing system. A copy of this filing will be sent to all parties through the court's ECF system.

*/s/ Hunter T. Edmonds*
Hunter T. Edmonds