UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHN THOMSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CAUSE NO.: 1:23-CV-00099-SEB-MG ) |
| ROCHE DIAGNOSTICS CORPORATION, | ) ) |
| Defendant. | ) |

## PLAINTIFF'S STATEMENT OF CLAIMS

Plaintiff John Thomson ("Thomson"), by counsel, and pursuant to the Case Management Plan, files the following Statement of Claims to be Proven at Trial.

### Count III: Breach of Contract – 2020 ICP

(1) Thomson will prove that the 2020 ICP [Dkt. 50-5] is a contract. Roche admits that the "2020 ICP was part of Plaintiff's employment agreement with Roche." [Dkt. 53 at 9 (Answer, ¶ 76)].

(2) Thomson will prove that Roche breached the 2020 ICP. The 2020 ICP required Roche to provide KSOs to Thomson with "[s]pecific and measurable actions to be completed, specific steps, targets or metrics to be measured against or specific end products." The 2020 ICP required that all KSO objectives details "must be submitted and signed-off by March 31 of the plan year. Sign-off must be completed by next level line manager and HR Business Partner." Thomson will prove that Roche did not develop or approve 2020 KSOs for Thomson, as required by the contract. If Thomson had received KSOs at the beginning of each ICP year, he would have overachieved and maximized his KSO payouts.

1

(3)     Thomson will prove that he suffered damages resulting from Roche's breach of the 2020 ICP.  In 2020, Thomson had an annual KSO target of $15,000.00. Thomson could earn up to 125% of his KSO target ($18,750.00). Thomson could further earn a $30,000 Balanced Plan Performance Accelerator ("Accelerator") by achieving a KSO score of 115% or above. Roche paid Thomson his a 100% KSO payout for 2020, with no Accelerator ($15,000.00). Thus, Thomson suffered damages in the amount of $33,750.00.

### Count IV: Breach of Contract – 2021 ICP

(1)     Thomson will prove that the 2021 ICP [Dkt. 50-6] is a contract. Roche admits that the "2021 ICP was part of Plaintiff's employment agreement with Roche." [Dkt. 53 at 10 (Answer, ¶ 91)].

(2)     Thomson will prove that Roche breached the 2021 ICP. The 2021 ICP required Roche to provide KSOs to Thomson with "[s]pecific and measurable actions to be completed, specific steps, targets or metrics to be measured against or specific end products. The 2021 ICP required that all KSO objectives details "must be submitted and signed-off by next level line manager and HR Business Partner." Thomson will prove that Roche did not develop or approve 2021 KSOs for Thomson, as required by the contract. If Thomson had received KSOs at the beginning of each ICP year, he would have overachieved and maximized his KSO payouts.

(3)     Thomson will prove that he suffered damages resulting from Roche's breach of the 2021 ICP. Under the 2021 ICP, Thomson had an annual KSO target of $30,000.00. Thomson could earn up to 150% of his KSO target ($45,000.00). Thomson could further earn a $25,000 Balanced Plan Performance Accelerator ("Accelerator") by achieving a KSO score of 115% or above. *Id*. Thomson received a 100% KSO payout for 2021, with no Accelerator ($30,000.00). Thus, Thomson suffered damages in the amount of $50,000.00.

### Count V: Breach of Contract – 2022 ICP

(1) Thomson will prove that the 2022 ICP [Dkt. 50-7] is a contract. Roche admits that the "2022 ICP was part of Plaintiff's employment agreement with Roche." [Dkt. 53 at 11].

(2) Thomson will prove that Roche breached the 2022 ICP. The 2022 ICP required Roche to provide KSOs to Thomson with "specific and measurable actions to be completed, specific steps, targets or metrics to be measured against or specific end products." The 2022 ICP required that all KSO objectives details "must be submitted and signed-off by the next-level line manager and HR Business Partner." Thomson will prove that Roche did not develop or approve 2022 KSOs for Thomson, as required by the contract. If Thomson had received KSOs at the beginning of each ICP year, he would have overachieved and maximized his KSO payouts.

(3) Thomson will prove that he suffered damages resulting from Roche's breach of the 2022 ICP. Thomson had an annual KSO target of $33,000.00. Thomson could earn up to 150% of his KSO target ($49,500.00). Thomson could further earn a $35,000 Balanced Plan Performance Accelerator ("Accelerator") by achieving a KSO score of 115% or above. Thomson received a 103% KSO payout for 2022, with no Accelerator. Thus, Thomson suffered damages in the amount of $50,510.00.

### Count VI: Indiana Wage Payment Statute

Thomson brings claims under the Indiana Wage Payment Act for the amounts owed to him for his 2020-2022 wages,[1] plus liquidated damages and attorney fees. Ind. Code § 22-2-5-1 *et seq*.

(1) Thomson will prove that his wages under the Indiana Wage Claims Statute, Ind. Code § 22-2-9-1(b) included the KSO and Balanced Plan Accelerator components of his Total

---

[1] In its Order on Roche's Motion for Judgment on the Pleadings, the Court held that a two-year statute of limitations (Ind. Code § 34-11-2-1) applies to Thomson's claims, rather than a ten-year statute of limitations (Ind. Code § 34-11-2-11). [Dkt. 72 at 7-9]. Thus, Thomson's claims for compensation under the 2020-2022 ICPs survived, but his claims for compensation under the 2018 and 2019 ICPs did not. *Id.* at 9.

Target Incentive Opportunity. Each year from 2020-2022, Thomson signed an ICP setting forth his Total Target Incentive Opportunity.

(2) Thomson will prove that Roche failed to timely pay Thomson's wages, including the full amount of the maximum KSO and Balanced Plan Accelerator components of his wages, in the combined amount of $134,260.00 from 2020-2022.

(3) Thomson will seek liquidated damages. Thomson will prove that Roche was not acting in good faith when it failed to comply with the Wage Payment Statute. Thomson complained multiple times to his supervisor, Jason Folwer, about Fowler's failure to provide Thomson with KSOs so that he could achieve the maximum payout. Thomson asked Fowler countless times for more specific information on his KSOs so that he could know what goals he was working toward. Thomson further complained to Ron DiNizo, the Vice President of Corporate Accounts and Thomson's "next level line manager" about Fowler's failure to develop KSOs.

(4) Thomson will also seek recovery of his reasonable attorney fees and costs.

Date:   May 10, 2024

Respectfully submitted,

/s/ Annavieve C. Conklin
Matthew Gutwein (#16414-49)
Kathleen A. DeLaney (#18604-49)
Annavieve C. Conklin (#33875-32)
DELANEY & DELANEY LLC
3646 N. Washington Blvd.
Indianapolis, IN  46205
Tel. 317.920.0400
Fax  317.920.0404
mgutwein@delaneylaw.net
kathleen@delaneylaw.net
aconklin@delaneylaw.net

*Attorneys for Plaintiff Thomson*